UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID GILBERT CUREWITZ,

    Plaintiff,

v.                                                     Case No: 3:17-cv-358-J-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, David Gilbert Curewitz, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB on April 23, 2013, and an application for SSI on April 29, 2013. (Tr. 19). Plaintiff amended his alleged disability date to July 15, 2011. (Tr. 19, 215-16). Plaintiff's applications were denied initially on July 31, 2013, and upon reconsideration on September 16, 2013. (Tr. 148-50, 151-53, 161-65, 167-71). Plaintiff requested a hearing and, on May 20, 2015, an administrative hearing was held before Administrative Law Judge William H. Greer ("the ALJ"). (Tr. 35-71). On August 13, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 19-34). Plaintiff filed a request for review which the Appeals Council denied on January 24, 2017. (Tr. 1-6). Plaintiff initiated this action by filing a Complaint (Doc. 1) on March 30, 2017.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 15, 2011, the alleged onset date. (Tr. 21). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, history of closed head injury, and bipolar disorder. (Tr. 21). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or

medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the work must be no more than semi-skilled and contact with coworkers and the general public must be no more than brief and superficial." (Tr. 23). At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as a stock clerk as this work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (Tr. 29). The ALJ concluded that Plaintiff had not been under a disability from July 15, 2011, through the date of the decision, August 13, 2015. (Tr. 29).

**II.     Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by assigning significant weight to the opinions of the state agency consultants but failing to adopt their findings in the RFC determination; (2) whether the ALJ erred by failing to reconcile his RFC finding with the RFC finding of a previous administrative determination; and (3) whether the ALJ's alleged errors were harmless. Plaintiff's arguments are interrelated and the Court will address them together below.

Plaintiff argues that despite according significant weight to the opinions of two state agency consultants who found that Plaintiff was limited to simple, routine tasks (one to two step tasks), the ALJ improperly determined that Plaintiff was capable of semi-skilled work. (Doc. 21 p. 10-15). Plaintiff notes that based on the opinion of the two state agency consultants, the state agency determinations at the initial and reconsideration level limited Plaintiff to unskilled work. (Doc. 21 p. 10). Likewise, Plaintiff notes, the prior administrative law judge who evaluated the case for the period through July 14, 2011 (one day prior to the new onset date in this case) found that Plaintiff

was limited to unskilled work. (Doc. 21 p. 10). Plaintiff notes that if the ALJ had found Plaintiff was limited to unskilled work, as was found in the previous case, given Plaintiff age in this case, the Grids would direct a finding of disability. (Doc. 21 p. 19). Plaintiff contends that the ALJ only wanted to avoid the automatic application of the Grids and failed to articulate any reasonable basis for discounting all the medical opinion evidence supporting a limitation for unskilled work. (Doc. 21 p. 16). Plaintiff argues that the ALJ erred by failing to explain why he was rejecting the previous administrative law judge's conclusion that Plaintiff was limited to unskilled work. (Doc. 21 p. 17).

In response, Defendant argues that the ALJ was not required to adopt the limitation findings of the state agency consulting psychologists who found that Plaintiff was limited to performance of simple, routine tasks. (Doc. 24 p. 5). Defendant contends that despite according great weight to these opinions, the ALJ explained that the treatment records are not indicative of diminished cognitive functioning. (Doc. 24 p. 5). Further, Defendant argues that the ALJ was not bound by the opinion of the prior administrative law judge that Plaintiff was limited to unskilled work. (Doc. 24 p. 6).

The record shows that two state agency medical consultants reviewed Plaintiff's mental functioning: Sharon Ames- Dennard, Ph.D. in July 2013 (Tr. 71-75) and Ellen Shapiro, Ph.D. in September 2013 (Tr. 102-104). Dr. Ames-Dennard found that Plaintiff was moderately limited in understanding and remembering detailed instructions but he was "deemed capable of understanding/recalling simple instructions." (Tr. 74). She said he was moderately limited in his ability to carry out detailed instructions and to maintain attention and concentration for extended periods. She added that "Clmt deemed capable of attending/conc/persisting during the completion of SRTS," i.e., simple routine tasks. (Tr. 74). Dr. Ames-Dennard added a limitation to public contact which the ALJ did adopt but also added adaptation limitations, noting that "Clmt may

experience some difficulty responding to abrupt changes in the workplace, however no substantial deficits are evident." (Tr. 75). The ALJ did not include any adaptation limitations in his assessment. In the part of her opinion allowing for "additional explanation", Dr. Ames-Dennard wrote that Plaintiff retained the capacity to perform simple, routine tasks. He could understand and remember simple one and two-step tasks and could adapt to simple changes in a routine work environment.

Dr. Shapiro also found that Plaintiff was limited to simple, routine work. Dr. Shapiro agreed that Plaintiff was capable of understanding and remembering simple instructions but would be moderately limited with detailed instructions and that "Clmt deemed capable of attending conc/persisting during the completion of SRTS." (Tr. 103). Dr. Shapiro also limited Plaintiff to understanding and remembering simple one and two step tasks and being able to sustain attention and concentration necessary to complete simple tasks.

In his decision, the ALJ weighed these opinions as follows:

> As for the opinion evidence, physicians contracted for by the State Agency reviewed the evidence and offered their expert opinion that despite the claimant's medically determined impairments, his psychiatric problems did not cause more than a "moderate" functional limitation (Exhibits C1A, C2A, C5A, C6A). The opinions of these reviewing doctors have been carefully reviewed and their "expert opinion evidence" has been considered in accordance with SSR 96-6p. In this instance, these opinions are given significant weight for several reasons. First, these are disability specialists who had the bulk of the evidence from the treating sources and consultative examiners that now comprise the official record in this case. They considered all of the objective facts at the time they rendered their opinion. Secondly, though they did not have at their disposal the claimant's testimony, that testimony, specifically as it relates to the claimant's activities of daily living, was consistent with the residual functional capacity opined by the reviewing doctors to a significant degree. Finally, the evidence in total does support in general the conclusions put forth by the State Agency doctors. The evidence is part of the record and entitled to the same probative value accorded "expert opinion" evidence.

(Tr. 28).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the Court finds no error in the ALJ's treatment of the opinions of Dr. Ames-Dennard and Dr. Shapiro. As nonexamining physicians, Dr. Ames-Dennard and Dr. Shapiro's opinions were not entitled to any special deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Nevertheless, the ALJ considered, analyzed, and explained the weight assigned to the opinions. Contrary to Plaintiff's argument, the Court finds no inconsistency between the ALJ's decision to accord these opinions significant weight and his finding that Plaintiff was capable of semi-skilled work. Notably, Dr. Ames-Dennard and Dr. Shapiro did not opine that Plaintiff was capable of only unskilled work, rather this was the determination of the SSA at the initial and reconsideration level. Plaintiff has cited to no authority showing an inherent inconsistency between the opinion that Plaintiff was limited to simple, routine work and the determination that Plaintiff was capable of semi-skilled work.

Furthermore, while the ALJ accorded significant weight to the opinions of Dr. Ames-Dennard and Dr. Shapiro, in the next paragraph of his decision, the ALJ noted that Plaintiff's

"treatment records are not indicative of diminished cognitive functioning" (Tr. 28-29). The ALJ discussed that Plaintiff reported working one day per week, every other week, performing tasks for a disabled friend, including running errands, doing chores and yard work, and grocery shopping, and he reported being able to drive for an hour or two, but he reported that only pain interfered with his ability to do these things. (Tr. 24, 47, 49, 61). The ALJ noted that the record indicates that Plaintiff had no overt thought disorders and described occasional auditory hallucinations, but only once per month was specified. (Tr. 25-28, 306-33, 343-53, 370- 75, 390-415, 422-34). As the ALJ noted, "the undersigned recognizes the claimant has been symptomatic. However, he has been stable from a mental prospective since his alleged onset date. The treatment records are not indicative of diminished cognitive functioning." (Tr. 29).

Further, the Court rejects Plaintiff's argument that the ALJ committed reversible error by failing to reconcile his RFC finding with the RFC finding made by the administrative law judge in the previous case. Again, Plaintiff cites to no authority in his brief that an ALJ is required to reconcile his RFC finding with a previous determination. To the contrary, as Defendant notes,

> there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate. Because of that possibility, the mere existence of a later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier unfavorable decision or the fact findings upon which it was premised.

*Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 821-22 (11th Cir. 2015) (citing Allen v. Comm'r of Soc. Sec., 561 F.3d 646, 653 (6th Cir. 2009)). Here, the only difference between the two decisions is that in the previous case, Plaintiff was found to be capable of only unskilled work and in this case the ALJ found that Plaintiff was capable of semi-skilled work. Given Plaintiff's

medical record, both findings are reasonable.  As to Plaintiff's charge that the ALJ only found Plaintiff capable of semi-skilled work is to prevent Plaintiff from being found disabled pursuant to the Grids, this accusation is purely conjecture.  Plaintiff provides no evidence demonstrating that the ALJ improperly determined Plaintiff's RFC for the purposes of circumventing application of the Grids.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties